UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GARY E. HOLLINGSWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ANDREW SAUL, ) | Cause 3:19-CV-744-RLM |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Gary Hollingsworth seeks judicial review of the final decision of the Commissioner of Social Security's decision denying his applications for disability insurance benefits and Supplemental Security Income under the Social Security Act, 42 U.S.C. §§ 423 and 1381 et seq. The court has jurisdiction over this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons summarized below, the court reverses the Commissioner's decision and remands for further proceedings.

Mr. Hollingsworth was 51 years old in March 2014, the alleged onset of disability. He applied for DIB and SSI based on a variety of physical impairments, including problems with strokes, paralysis on the right side, high blood pressure, and arthritis on the right hand. His applications were denied initially, upon reconsideration, and after a July 19 administrative hearing. The ALJ concluded at the hearing that Mr. Hollingsworth could perform medium work with limitations. The ALJ determined that Mr. Hollingsworth could perform his past relevant work as a lube servicer and, in the alternative, he could perform other

work that existed in significant numbers in the national economy, and so he wasn't disabled within the meaning of the Act from March 22, 2014 through July 13, 2018. More specifically, the ALJ found that:

- Mr. Hollingsworth had the following severe medically determinable impairments: Basal Ganglia Infarction secondary to Lucunar Infarction resulting in Cerebral Vascular Accident secondary to Hypertension with left sided weakness; Emphysea; COPD; and Hyperlipidemia.

- Mr. Hollingsworth had the following nonsevere impairments: diabetes and a history of hernia.

- Mr. Hollingsworth had the residual functional capacity to perform medium work as defined by 20 CFR 404.1567(c) and 416.967(c) except he can lift and carry fifty pounds occasionally and twenty-five pounds frequently; he can stand or walk for six hours in an eight hour day; sit for six hours in an eight hour day; never climb ladders, ropes, or scaffolds; avoid all use of hazardous moving machinery or exposure to unprotected heights; avoid all exposure to environmental irritants and poorly ventilated areas; and avoid all exposure to extreme cold and heat.

- Mr. Hollingsworth didn't have an impairment or combination of impairments that significantly limited his ability to perform basic work related activities for 12 months, and therefore did not have a severe impairment or combination of impairments. 20 C.F.R. Pt. 404.1521 *et seq.*

[AR 7-19].

When the Appeals Council denied Mr. Hollingsworth's request for review, the ALJ's decision became the final decision of the Commissioner of Social Security. Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). This appeal followed.

The ALJ erred in her evaluation of Mr. Hollingsworth's subjective symptoms. When evaluating a claimant's description of his impairments, an ALJ first considers whether "there are underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce the individual's symptoms." SSR 16-3p. If an underlying impairment could

reasonably be expected to produce the individual's symptoms, the ALJ evaluates "the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities[.]" Id. An ALJ may not discredit a claimant's testimony only "because there is no objective medical evidence supporting it." Villano v. Astrue, 556 F.3d 558, 562 (7th Cir. 2009). The regulations provide that an ALJ must consider the certain factors when evaluating the symptoms, including:

1. Daily activities;
2. The location, duration, frequency, and intensity of pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p.

The ALJ wrote that when she turned to the regulatory factors, Mr. Hollingsworth's allegations of severe limitations were inconsistent with the record as a whole. The ALJ considered the regulatory factors and specifically touched on Mr. Hollingsworth's activities of daily living; the type, dosage, effectiveness, and side effects of his medication; treatment and other measures, precipitating and aggravating factors, functional limitations, and medical

evidence. But the ALJ didn't explain how the evidence as to any of the factors was inconsistent with Mr. Hollingsworth's reported severity. She simply listed facts that related to each of the factors without analyzing how those factors contradict his claim. A summary of evidence isn't the same as meaningful analysis. William B. v. Saul, No. 18 CV 50083, 2019 U.S. Dist. LEXIS 159561, at *15 (N.D. Ill. Sep. 19, 2019)(citing Hearan v. Berryhill, No. 17 C 0542, 2018 U.S. Dist. LEXIS 113633, 2018 WL 3352657, at *6 (N.D. Ill. July 9, 2018)). The ALJ then wrote that "[w]hile the medical evidence supports that the claimant would have some limitations due to his impairments, these impairments are not as severe as the claimant has alleged." Coupled with the lack of analysis as to the regulatory factors, it appears that the ALJ discounted Mr. Hollingsworth's statements about the severity of his limitations based solely on the lack of objective medical evidence. *See* 20 CFR 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements.") Additionally, aside from listing the medical evidence, the ALJ didn't explain why the medical evidence contradicts Mr. Hollingsworth's allegations as to his limitations. She didn't explain why a full range of motion and normal muscle tone contradicts Mr. Hollingsworth's assertion that prolonged standing or walking results in leg pain, and that he is only able to walk for five minutes, stand for ten minutes, and lift thirty pounds. An ALJ must build an "accurate and logical bridge from the evidence to [her] conclusion so that, as a reviewing

court, we may assess the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." <u>Young v. Barnhart</u>, 362 F.3d 995 (quoting <u>Scott v. Barnhart</u>, 297 F.3d 589, 595 (7th Cir. 2002)). The ALJ didn't build an accurate and logical bridge between the evidence she cited and her conclusion that Mr. Hollingsworth's limitations were less severe than he described.

Accordingly, the Commissioner's decision is REVERSED and the case is REMANDED for further proceedings.

SO ORDERED

ENTERED:   May 26, 2020

/s/ Robert L. Miller, Jr.
Judge, United States District Court